Alex. Moses *v.* The State.

1. Constitutional Law. *Agent of foreign insurance company, when guilty of misdemeanor. ?? 1085 and 1086, code of 1880, considered.*

A statute which makes it a misdemeanor for an agent of a foreign insurance company, which has not complied with the laws of this State, to come into the State and adjust a loss for such company is valid and not in conflict with either the State or federal constitution.

2. Same. *Insurance out of State for non-resident. Adjuster fined. Case in judgment.*

A citizen of Georgia entered into a contract of insurance in Louisiana, on property in this State, with an insurance corporation resident in Louisiana. The company had not complied with the laws of this State so as to be entitled to do business here. The property was destroyed by fire, and an agent of the company came into this State to examine into the loss and determine the amount thereof. He was indicted, tried and convicted under statutes, sections 1086 and 1085, Code of 1880, which make it a misdemeanor for an agent of an insurance company, not authorized to do business here, to examine into or adjust a loss for such company. *Held,* that the conviction was proper; that the statutes are applicable to the above stated case, and that they are valid and constitutional.

Appeal from the Circuit Court of Yazoo County.

Hon. T. J. Wharton, Judge.

In 1883, Richardson & May, a firm of cotton factors doing business in New Orleans, La., as agents of Mrs. Mary McConnell, a resident of Georgia, applied to the Sun Mutual Insurance Company, a corporation organized under the laws of· Louisiana, for the insurance of certain property situated in Yazoo county, Mississippi, against loss by fire. The insurance was issued and continued in force until 1885, when the property was destroyed by fire. Thereupon, Alex? Moses, as the representative of the " Sun " Company, went to Yazoo county and proceeded to examine into the loss, take proofs and determine the amount thereof, and reported the results to the company in New Orleans. The Sun Company had not at any time complied with the provisions of Chapter 38, Code of 1880, as to the terms upon which foreign insurance companies were allowed to do business in this State. Sec. 1086, Code of 1880, provides that, " Any person

who shall do or perform any of the acts or things mentioned in the preceding section for any insurance company not organized under or incorporated by the laws of this State, without such company having first complied with the requirements of the laws of this State, or having received the certificate of authority from the auditor of this State, as required by law, shall be guilty of a misdemeanor, and on conviction by any court of competent jurisdiction be fined five hundred dollars, and be imprisoned in the county jail not exceeding twelve months for each act of violation of said section, or by either."

Sec. 1085, Code of 1880, amongst other things provides that any person "who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company" shall be held the agent of such company.

Alex. Moses was indicted, tried and convicted for a violation of the above statute and was fined $500. He appealed from the judgment.

*Farrar & Kruttschnitt*, for the appellant.

1. The legislation of the State of Mississippi, imposing penalties upon any one who shall examine into or adjust any loss for or on behalf of an insurance company not organized under or incorporated by the laws of said State, without such company having first complied with the requirements of the laws of said State as to non-resident insurance companies, does not apply to an adjuster who adjusts a loss under a policy upon Mississippi property issued in another State to a resident of another State. Authorities cited : *Paul* v. *Virginia*, 8 Wall. 168; *McCall* v. *Gilbert*, Ins. Chronicle of June 9th, 1887, (Sup. Ct. of N. Y.)

2. If said legislation applies to the case at bar, it is quoad said case unconstitutional, null and void, because :

(1) It violates Section 2 of Article IV of the Constitution of the United States, which provides that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States.

(2) It constitutes a regulation of commerce between the State of Mississippi and other States and, as such, violates Clause 3 of Section 8 of Article I of the Constitution of the

United States, which vests in Congress the power to regulate commerce among the several States.

(3) It violates Section 1 of Article XIV of the Amendments to the Constitution of the United States, which provides that no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of its laws.

(4) It violates Section 2 of Article 1 of the Constitution of the State of Mississippi, which provides that no person shall be deprived of life, liberty or property, except by due process of law. See Tiedman's Limitations of the Police Power, pp. 194 *et seq.*, and numerous cases there cited. *Corfield* v. *Coryell*, 4 Wash. 371; *Ward* v. *Maryland*, 12 Wall. 418; *Slaughterhouse Cases*, 16 Wall. 36; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Ah Kow* v. *Noonan*, 5 Sawyer 552; *Judge Cooley's* note to last case in *American Law Review*, *In re Ah Jow*, 29 Fed. Rep. 181.

*Hudson, Hudson & Holt*, on the same side.

1. The statute has no application to this case, as it was only intended to prohibit and prevent unauthorized companies from doing business *in this State*.

Since it was not the purpose of the legislature to prohibit the taking out of a policy between non-residents, beyond the State, as in this case, it is clear that it was only intended to prohibit an " examination into," or " adjustment of a loss " under a policy such as is prohibited by the statute, and not to prohibit an " examination into " or " adjustment of a loss " under a policy taken out beyond the State between citizens of another State.

2. The legislature can only declare the occupation of an insurance adjuster unlawful when followed in this State, when it is injurious or harmful to the rights of the citizens of the State.

Inasmuch as the contract made between citizens of another State, beyond the State, does not affect the citizens of this State at all, being purely a personal contract not affecting the estate

in the land, the legislature cannot declare an adjustment under such a contract to be unlawful, the adjustment being harmless, *per se.*

Authorities cited or referred to: 31 Mich., 353; 99 N. Y., 385; 77 Mo. 117; 4 McCrary 1; 26 Fed. Rep. 611; 33 Hun. 374; 74 N. Y. 515; Tiedman's Lim. 197–8; 26 Ind. 501; 12 Wall. 430; 16 Id. 116; 4 Wash. C. C. 380; 58 Miss. 1.

*E. B. Kruttschnitt & R. S. Holt,* of counsel for the appellant, argued the case orally.

*T. M. Miller,* Attorney General, for the State.

1. In view of undisputed principles and the authorities cited it would seem that the legislature had a perfect right to pass and enforce the law in question; that it does not deny to the citizens of any other State privileges or immunities enjoyed by our own citizens; that insurance not being a transaction of commerce, the power of Congress on that subject is not encroached upon, and if it were the regulation is not such as to make the law obnoxious to the " commerce " clause of the Federal constitution; that the 14th amendment is not involved because the law does not essay to abridge the rights of a citizen of the United States *as such,* but only a corporation organized under the laws of a foreign State; that while the occupation of an insurance adjuster in the abstract may not be prohibited, still it is allowed to prohibit foreign corporations, and therefore their agents, from transacting any business pertaining to insurance, when such corporations have not complied with the conditions precedent imposed upon them.

. The law applies in terms to the case at bar, and the object of the legislature in passing it is not open to inquiry.

In support of the several propositions see: *Paul* v. *Virginia,* 8 Wallace, 168; *Doyle* v. *Ins. Co.,* 94 U. S. 535; *Tidman's Lim. Police Powers,* Sec. 193; *Bank of Augusta* v. *Earle,* 13 Peters, 519; *Ducat* v. *Chicago,* 10 Wallace, 410; *Ins. Co.* v. *Kinyon,* 4 Ins. Journal, 225; *Morawitz on Private Corporations,* Secs. 970 to 975; *Pierce* v. *People,* 106 Ill. 11; *Connor* v. *Elliott,* 18 Howard, 591; *Slaughter House Cases,* 16 Wallace, 36; *Bradwell* v. *Illinois,* 16 Wallace, 130.

The Attorney General also made an oral argument.

CAMPBELL J., delivered the opinion of the court.

The manifest purpose of sections 1085 *et seq.* was to preclude the performance of any act in this State pertaining to the business of insurance by any foreign insurance company which has not complied with the laws of the State.

As the State may prohibit a foreign insurance company from doing business within its limits as held in *Paul* v. *Virginia*, 8 Wall. 169, it must have the right to make its prohibition effective by penal enactments as contained in the sections mentioned.

*Affirmed.*